RECEIVED
IN LAKE CHARLES, LA.

JUN - 8 2015

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

ROGER D. BUTLER, ET AL.,   *   CIVIL ACTION NO. 2:14-cv-476
　　　　　　　　　　　　　　*
　　　　Plaintiffs,        *
　　　　　　　　　　　　　　*
v.                         *   JUDGE MINALDI
　　　　　　　　　　　　　　*
GEORGIA PACIFIC LLC d/b/a  *
TEMPLE-INLAND SOUTHWEST    *
LOUISIANA LUMBER, ET AL.,  *
　　　　　　　　　　　　　　*
　　　　Defendants.        *   MAGISTRATE JUDGE KAY
************************************************************************

## MEMORANDUM RULING

Before the court is the defendants' Motion for Partial Summary Judgment [Doc. 27], which the plaintiffs do not contest. For the following reasons, the defendants' Motion [Doc. 27] is **GRANTED**.

## FACTS & PROCEDURAL HISTORY

On February 27, 2013, Roger D. Butler ("Butler") allegedly stumbled and fell while clearing a board jam from a chipping machine.[1] As a result of his fall, Butler suffered injuries.[2] On June 20, 2013, the plaintiffs married.[3] Butler and his wife, Santana Butler, filed suit against the defendants in the 14th Judicial District Court for the State of Louisiana on December 19, 2013.[4] International Paper Company and Georgia-Pacific Wood Products South, LLC, removed the case to this court on March 3, 2014.[5] The instant Motion [Doc. 27] was filed on March 26, 2015.

---

[1] Pet. for Damages [Doc. 1-7] ¶¶ 3, 7.
[2] *Id.* ¶ 7.
[3] *See* Certificate of Marriage [Doc. 27-3], at 2.
[4] *Id.*
[5] Not. of Removal [Doc. 1].

1

## LAW & ANALYSIS

### I. Summary Judgment Standard

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is said to be "genuine" only where a "reasonable jury could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.,* No. 3:10-cv-699, 2012 U.S. Dist. LEXIS 24025, at *16 (W.D. La. Jan. 12, 2012) (citing *Fordoche, Inc. v. Texaco, Inc.,* 463 F.3d 388, 392 (5th Cir. 2006)). "Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Webber v. Christus Schumpert Health Sys.,* No. 10-1177, 2011 U.S. Dist. LEXIS 99235, at *14 (W.D. La. Sept. 2, 2011) (citing *Patrick v. Ridge,* 394 F.3d 311, 315 (5th Cir. 2004)).

In ruling upon a motion for summary judgment, the district court shall draw all inferences in a light most favorable to the nonmoving party. *Id.* at *3 n. 1 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986) (additional citation omitted)). However, the court will not, in the absence of proof, "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)). "The non-movant cannot preclude summary judgment by raising 'some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or by only a scintilla of the evidence.'" *Cormier v. W&T Offshore, Inc.,* No. 10-1089, 2013 U.S. Dist. LEXIS 53416, at *18-19 (W.D. La. Apr. 12, 2013) (citing *Little,* 37 F.3d at 1075.

## II. Santana Butler's Cause of Action

In their petition, the plaintiffs allege that Santana Butler is entitled to recover damages resulting from her husband's injury.[6] However, it is undisputed that the plaintiffs were not married until after Butler's accident.[7]

Damages for loss of consortium, service, and society are recoverable by the same categories of persons who would have had a cause of action for the wrongful death of an injured person. LA. CIV. CODE art. 2315. Those who potentially possess a cause of action for wrongful death are: (1) spouses and children, (2) fathers and mothers, (3) brothers and sisters, and (4) grandfathers and grandmothers. LA. CIV. CODE art. 2315.2(A)(1)-(4). Marriage subsequent to an incident giving rise to a cause of action does not create a claim for damages. *See, e.g., Nunez v. Canik*, 576 So.2d 1080, 1082 (La. Ct. App. 1991); and *Morales v. Davis Bros. Const. Co., Inc.*, 706 So.2d 1048, 1050-51 (La. Ct. App. 1998); *but see Aldredge v. Whitney*, 591 So.2d 1201 (La. Ct. App. 1991) (allowing a narrow exception to this general rule when injuries from the accident did not manifest themselves until after the marriage).

In this case, Butler's accident was on February 27, 2013. The plaintiffs were not wed until June 20, 2013. Therefore, Santana Butler cannot maintain a separate cause of action for loss of consortium, service, and society.

Lake Charles, Louisiana, this ___ day of _____, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[6] Pet. for Damages [Doc. 1-7] ¶ 14.
[7] Letter from James F. DeRosier to Judge Patricia Minaldi (Apr. 6, 2015) [Doc. 29].

3