RECEIVED
IN LAKE CHARLES, LA.

JUL 07 2015

TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ROGER D. BUTLER and SANTANA BUTLER, | * | CIVIL ACTION NO. 2:14-cv-476 |
| Plaintiffs, | * | |
| v. | * | JUDGE MINALDI |
| GEORGIA PACIFIC LLC d/b/a TEMPLE-INLAND SOUTHWEST LOUISIANA LUMBER, ET AL., | * | |
| Defendants. | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is the defendants' Motion for Summary Judgment [Doc. 31], to which the plaintiffs have filed a Response [Doc. 33], to which the defendants have filed a Reply [Doc. 36]. For the following reasons, the defendants' Motion [Doc. 31] is **GRANTED**.

### FACTS & PROCEDURAL HISTORY

On February 27, 2013, Roger D. Butler ("Butler") allegedly stumbled and fell while clearing a board jam from a chipping machine.[1] The alleged cause of Butler's fall was the presence of debris on the stairs leading up to the chipping machine.[2] As a result of his fall, Butler suffered injuries.[3] Butler and his wife, Santana Butler, filed suit against the defendants in the 14th Judicial District Court for the State of Louisiana on December 19, 2013.[4] International Paper Company and Georgia-Pacific Wood Products South, LLC, removed the case to this court on March 3, 2014.[5] The instant Motion [Doc. 31] was filed on April 17, 2015.

---

[1] Pet. for Damages [Doc. 1-7] ¶¶ 3, 7.
[2] Defs.' Ex. A, Depo. of Roger Butler [Doc. 31-3], at 17.
[3] *Id.* ¶ 7.
[4] *Id.*
[5] Not. of Removal [Doc. 1].

1

## LAW & ANALYSIS

### I. Summary Judgment Standard

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is said to be "genuine" only where a "reasonable jury could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.*, No. 3:10-cv-699, 2012 U.S. Dist. LEXIS 24025, at *16 (W.D. La. Jan. 12, 2012) (citing *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)). "Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Webber v. Christus Schumpert Health Sys.*, No. 10-1177, 2011 U.S. Dist. LEXIS 99235, at *14 (W.D. La. Sept. 2, 2011) (citing *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004)).

In ruling upon a motion for summary judgment, the district court shall draw all inferences in a light most favorable to the nonmoving party. *Id.* at *3 n. 1 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (additional citation omitted)). However, the court will not, in the absence of proof, "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). "The non-movant cannot preclude summary judgment by raising 'some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or by only a scintilla of the evidence.'" *Cormier v. W&T Offshore, Inc.*, No. 10-1089, 2013 U.S. Dist. LEXIS 53416, at *18-19 (W.D. La. Apr. 12, 2013) (citing *Little*, 37 F.3d at 1075.

## II. Existence of a Duty

The defendants move for summary judgment on the basis that they owed no duty to Butler because the presence of wood chips on the stairs was an open and obvious hazard that was not unreasonably dangerous. Butler alleges that the wood chips on the stairs created an unreasonable risk of harm.

A negligence action consists of a four-prong inquiry:

I. Was the conduct in question a substantial factor in bringing about the harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred?

II. Did the defendant owe a duty to the plaintiff?

III. Was the duty breached?

IV. Was the risk, and harm caused, within the scope of protection afforded by the duty breached?

*Roberts v. Benoit*, 605 So.2d 1032, 1042 (La. 1991) (citations omitted). The existence of a duty and the scope of that duty are questions of law, and whether the duty was breached is a question of fact. *Faucheaux v. Terrebonne Consol. Gov't*, 615 So.2d 289, 292-93 (La. 1993); and *Dupre v. Chevron U.S.A. Inc.*, 913 F.Supp. 473, 476 (E.D. La. 1996).

The threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. *Meany v. Meany*, 639 So.2d 229, 233 (La. 1994). "There is an almost universal duty on the part of the defendant in negligence cases to use reasonable care so as to avoid injury to another. In some cases, the duty is refined more specifically that the defendant must conform his or her conduct to some specially defined standard of behavior." *Boykin v. Louisiana Transit Co.*, 707 So. 2d 1225, 1231 (La. 1998). Summary judgment is appropriate when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous. *Allen v. Lockwood*, 156 So.3d 650, 653 (La. 2015) (citation omitted). It is the

3

plaintiff's burden to produce factual support for the claim that a complained-of condition is unreasonably dangerous. *Id.* (citation omitted).

While Butler alleges that the wood chips on the stairs were unreasonably dangerous, the evidence shows that Butler knew that there was debris normally on the stairs[6] and that there was nothing different about his descent on the day that he fell as opposed to every other day that he descended the stairs.[7] *See Limberg v. Winn Dixie La., Inc.*, 622 So.2d 1178, 1179 (La. Ct. App. 1993) (citing *Orleans Parish Sch. Bd. v. City of New Orleans*, 585 So.2d 643 (La. Ct. App. 1991)) (victim's familiarity with the area a factor when determining whether a complained-of condition is unreasonably dangerous). Moreover, Butler received training in fall prevention and was warned specifically of the tripping hazard on the stairs.[8]

In *Jennings v. Ryan's Family Steak Houses, East, Inc.*, the plaintiff sued after she tripped while leaving the defendant's restaurant. *Jennings v. Ryan's Family Steak Houses, East, Inc.*, No. Civ.A. 03-1598, 2005 WL 2180487, at *3 (W.D. La. Sept. 9, 2005). In holding that the wet floor in the foyer did not create an unreasonable risk of harm, the court considered that the plaintiff had notice of the wet floor and was familiar with the area. *Id.* In *Offord v. U.S. Gypsum Corp.*, the court reasoned that the plaintiff's awareness and experience was a factor in determining whether an uneven load of sheetrock covered with a wet plastic sheet was an open and obvious risk. *Offord v. U.S. Gypsum Corp.*, No. 07-8704, 2009 WL 1706649, at *4 (E.D. La. June 17, 2009)).

The presence of debris on the stairs was open and obvious to all who would have encountered it. Butler has not created a genuine dispute as to a material fact over whether the

---

[6] Defs.' Ex. A, Depo. of Roger Butler [Doc. 31-3], at 19.
[7] *Id.* at 18.
[8] *Id.* at 11-12.

risk presented by the debris was unreasonable. Therefore, summary judgment in favor of the defendants is appropriate.

Lake Charles, Louisiana, this 2 day of July, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

5